# RICHARD H. CHUTE v. J. W. DOWNS.[1]

## July 23, 1909.

## Nos. 16,220—(202).

Action in replevin in the district court for Dakota county to recover $1,000 for certain pine lumber and pine slabs, "being all the pine lumber and pine slabs now to be found on or in the immediate vicinity of the sawmill owned and operated by said defendant." The answer was a general denial. The case was tried before Crosby, J., who, at the close of plaintiff's evidence, granted defendant's motion to dismiss the action on the ground that plaintiff failed to establish any cause of action, the only evidence being a bill of sale and there being **no**

[1] Reported in 122 N. W. 1134.

evidence of title in the makers of the bill of sale to the lumber replevied. Plaintiff's motion for a new trial was denied. From the judgment directing a return of the property or, in case it could not be returned, for $1,000, plaintiff appealed. Affirmed.

W. H. Gillitt, for appellant.

Hodgson & Lowell, for respondent.

PER CURIAM.

Plaintiff brought this action to recover the possession or value of certain lumber and slabs, and based his right to recovery upon a bill of sale from numerous lumbermen owning and floating logs down the Mississippi river to points beyond Hastings. The bill of sale covered all stray logs. The only evidence offered to show that the lumber and slabs found in defendant's possession came from the logs covered by the bill of sale, was that the slabs contained log marks of the various lumbermen who executed the same. There was no evidence whatever that the logs received by defendant, from which he manufactured the lumber in question, were stray logs. For want of this proof the court dismissed the action, when the plaintiff rested, directing a judgment in defendant's favor for a return of the property which had been taken from him in the claim and delivery proceedings, or for its value as alleged in the complaint and admitted in the answer, viz., $1,000. Plaintiff moved for a new trial and appealed from the order denying it.

The order must be affirmed. The absence of evidence showing that the lumber sought to be recovered in the action was manufactured by defendant from stray logs picked up in the Mississippi river, was fatal to plaintiff's right to recover, and the evidence offered was insufficient to call upon defendant to explain from whence he obtained the logs. The case would be entirely different if the action had been brought by the lumbermen, and evidence of their log marks on the slabs in defendant's sawmill yards would have been sufficient to cast upon him the burden of explaining his possession. The pleadings admitted the value of the property and the court properly ordered judgment for its return, or the admitted value.

Order affirmed.

JAGGARD, J. (dissenting). I dissent.